# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RANDY LEE ALEXANDER o/b/o**
**WANDA LEE ALEXANDER, Deceased,**

    **Plaintiff,**

v.                                                 **Case No: 6:14-cv-929-Orl-22DAB**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

    **Defendant.**
_____/

## ORDER

This cause comes before the Court on Plaintiff Randy Lee Alexander's ("Plaintiff")[1] Complaint for review of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's claim for a period of disability and Disability Insurance Benefits. (Doc. No. 1).

On April 20, 2015, United States Magistrate Judge David Baker submitted a report recommending that the Commissioner's final decision be affirmed. (Doc. No. 23).

After an independent *de novo* review of the record in this matter, including the objections filed by Plaintiff (Doc. No. 24), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation (the "R & R").

---

[1] Wanda Lee Alexander passed away shortly before receiving her unfavorable decision below. Therefore, this appeal is brought by Mr. Alexander on behalf of his deceased wife. Just as the Magistrate Judge, the Court simply refers to the claims as those of "Plaintiff."

## I. BACKGROUND

The Court briefly sets forth the relevant procedural history. In 2008, Plaintiff applied for disability and disability insurance benefits, alleging disability beginning on January 9, 2007, and subsequently amended to October 24, 2007. After Plaintiff's applications were denied initially and on reconsideration, on April 13, 2010, an Administrative Law Judge ("ALJ") held a hearing at Plaintiff's request. At the hearing, the ALJ considered testimony from Plaintiff and from an impartial vocational expert. On May 7, 2010, the ALJ issued a decision finding Plaintiff not disabled. After a remand from the Appeals Council on November 23, 2011, the ALJ held a second hearing on January 31, 2012. In the post-remand decision, the ALJ once more found Plaintiff not disabled. Plaintiff again appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review. Thereafter, on June 16, 2014, Plaintiff filed his Complaint in this Court. (Doc. No. 1).

## II. LEGAL STANDARDS

In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112, 103 S.Ct. 744 (1983). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects, 28 U.S.C. § 636(b)(1)(C), and the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," *id.* This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R.

Rep. No. 94-1609, 94th Cong., 2d Sess., *reprinted in* 1976 U.S. Code Cong. & Admin. News 6162, 6163).

When reviewing the ALJ's findings of fact, the Social Security Act mandates that "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam) (citation omitted). Substantial evidence is evidence that is "more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Id.* at 1560 (citations omitted). Moreover, the Court reviews the ALJ's conclusions of law *de novo*. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

### III. **PLAINTIFF'S OBJECTIONS**

*A. Plaintiff's First Objection*

First, Plaintiff argues that the ALJ failed to fully develop the record because the ALJ should have ordered updated consultative physical and mental evaluations or obtained evidence from a medical expert. (Doc. No. 24 at pp. 2–4).

After Plaintiff appealed the ALJ's initial decision, the Appeals Council remanded the case with, *inter alia*, the following directives:

> Obtain additional evidence from the claimant's treating medical sources, including all clinical, laboratory, diagnostic and treatment information as well as medical source statements as to what the claimant can do despite her impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence. The additional evidence may include, if warranted and available, consultative orthopedic and/or mental status examination(s) and medical source statement(s).
>
> Further, if necessary, obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments.

(R. at 123) (internal citations omitted).

After remand, the ALJ considered the following medical records: (1) a Physical RFC Assessment by Robin Burgess, dated "5/21/2008"; and (2) an Osceola County Health Department record, dated "3/15/2010 to 9/6/2011." (R. at 26–27).[2] The Osceola County Health Department record is a set of medical records dating from March 2010 to September 2011. (R. at 446–65). These records note "back pain, alcohol abuse, and a hospital stay of four days for tachycardia from alcohol withdrawal." (Doc. No. 23 at p. 8). As noted by the Magistrate Judge, these records were only a few months old at the time the ALJ was finalizing the decision upon remand. (*Id.*). The record reflects that the ALJ considered these records and cited them in the findings. (R. at 21–22).

Plaintiff's objection that the ALJ <u>must have</u> ordered updated consultative physical and mental evaluations on remand is not well-taken for multiple reasons.[3] First, the Court agrees with the Magistrate Judge's interpretation of the remand order: it conditionally required the ALJ to obtain "additional evidence" which "*may include, if warranted and available*, consultative orthopedic and/or mental status examination(s) and medical source statement(s)" and medical expert testimony "if necessary." (R. at 123) (emphasis added). Plaintiff objects that this analysis ignores the beginning portion of the remand order. However, even assuming *arguendo* that is true, the ALJ had in fact obtained recent medical records from the Osceola Health Department, which the ALJ, in turn, used to issue the decision unfavorable. Finally, appellate counsel

---

[2] The parties appear to agree that the Physical RFC Assessment should not be afforded any particular weight in this appeal.

[3] The Court notes that Plaintiff's first citation to 20 C.F.R. § 404.977 appears in his objection to the Magistrate Judge's Order. Plaintiff did not cite to this regulation or similar relevant case law in his initial brief, (*see* Doc. No. 20 at pp. 7–9), and therefore has not properly raised the argument. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). In any event, the Court also rejects the argument on the merits.

continues to disregard the indisputable fact that counsel below conceded after remand from the Appeals Council that no new evidence was necessary for the ALJ to render a decision:

> ALJ: Exhibits are 1-A through 13-F. Any other evidence, favorable or unfavorable, that ought to be made part of the file?
> ATTY: It's all up-to-date. All favorable and unfavorable is in the file, Judge.
> ALJ: Any objections?
> ATTY: No objections, Your Honor.
> ALJ: All right. They are admitted.

(R. at 66).

Upon *de novo* review, the Court finds that the ALJ was not required to order new consultative examinations or medical expert testimony and therefore did not fail to fully develop the record in this respect. Plaintiff's first objection is overruled.

### B. *Plaintiff's Second Objection*

Plaintiff's next objection is that the ALJ failed to apply the correct legal standards as to the opinion of the consultative examiner, Dr. Agans. (Doc. No. 24 at pp. 4–6). The Court dismisses this objection summarily. Plaintiff's main disagreement with the R & R is that the Magistrate Judge found in the last sentence of the report: "Moreover, Plaintiff has not shown that the position of office helper, the position in the national economy given by the VE at the second hearing, required any 'repetitive grasping' to deliver mail, memos, or do light filing." (Doc. No. 24 at p. 5) (citing Doc. No. 23 at p. 14). However, this was not the main point the Magistrate Judge was making. The R & R clearly shows that Dr. Agans' opinion was not a definitive statement that Plaintiff would have difficulty with repetitive movements; instead the doctors' opinion was that Plaintiff "*may* have difficulty" with repetitive manipulation of small objects. (R. at 384) (emphasis added). Because it is clear that this portion of Dr. Agans' assessment was not a precise statement of Plaintiff's limitations, it simply does not matter whether the position of office helper required repetitive grasping. Even still, the ALJ did note Dr. Agans' assessment,

5

but thereafter was not required to include it in the RFC. Accordingly, the Court overrules Plaintiff's second objection.

## IV. CONCLUSION

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation, filed on April 20, 2015 (Doc. No. 23), is **ADOPTED** and **CONFIRMED** and is made a part of this Order.

2. Plaintiff Randy Lee Alexander's Objections, filed on behalf of his deceased wife, Wanda Lee Alexander, (Doc. No. 24), are **OVERRULED**.

3. The final decision of the Commissioner is **AFFIRMED**. The Clerk is **DIRECTED** to enter judgment accordingly.

4. The Clerk is **DIRECTED** to close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 10, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties